# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75578-1-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JOHN LACEY LOONEY, | ) | |
| | ) | |
| Appellant. | ) | FILED: October 2, 2017 |

2017 OCT -2 AM 8: 53 FILED COURT OF APPEALS DIV I STATE OF WASHINGTON

TRICKEY, A.C.J. — John Lacey Looney appeals the trial court's admission of a witness's prior consistent statements to rebut an allegation of recent fabrication. We conclude that the trial court erred in admitting the evidence because the brief cross-examination at issue did not raise an allegation of fabrication. However, the error was harmless because the admitted testimony was equivocal and the outcome of the trial was not materially affected. We affirm.

## FACTS

Officers Stephen Ross and Alexander Lever of the Everett Police Department stopped Looney for driving with a suspended license. Officer Ross placed Looney under arrest and attempted to remove him from the car. Looney resisted and began struggling. Officer Lever attempted to assist Officer Ross. During the struggle, Looney kicked Officer Lever in the head. Eventually, the officers subdued Looney and he was taken to jail.

Looney was charged with third degree assault. At trial, Officer Lever testified that Looney was looking at him during the kick. He stated, "[r]ight before

I was hit, we were looking face-to-face."[1] On cross-examination, he reiterated, "we were looking directly at each other."[2] But, Officer Lever acknowledged that he had not included this detail in the report he wrote the day of the incident. He admitted that his memory would have been fresher two months ago when he wrote the report.

On redirect examination, the prosecutor asked Officer Lever whether it was unusual for a report to omit details. Officer Lever said this was not unusual and that reports were generally written to remind the writing officer of the incident. He also stated that he remembered this incident in particular because it was the first time he had been kicked. The prosecutor began to ask Officer Lever about his participation in an interview with defense counsel's investigator. Looney objected to this testimony.

The prosecutor requested admission of Officer Lever's statements from an interview the prior week, during which he told the defense investigator that Looney had made eye contact with him before the kick. The prosecutor argued for admission of this statement as a prior consistent statement to rebut a recent claim of fabrication. Despite defense counsel's strenuous objection, the trial court concluded that the cross-examination was a recent fabrication claim. The trial court also determined that Officer Lever had previously made a statement about eye contact to the defense investigator and would allow questions "in relation to the fact that a statement was made before today."[3]

---

[1] Report of Proceedings (RP) (July 25, 2016) at 119.
[2] RP (July 26, 2016) at 145.
[3] RP (July 26, 2016) at 161.

The prosecutor asked Officer Lever whether he told the defense investigator about making eye contact with Looney. Officer Lever testified, "I think I did. It's hard to recollect, honestly, right now."[4] He concluded, "[It's] [k]ind of foggy. I'm not going to lie."[5]

During closing arguments, Looney contended that the kick may have been unintentional and noted Officer Lever's failure to include any details about making eye contact in his report. Looney was convicted of third degree assault. He now appeals.

## ANALYSIS

### Prior Consistent Statement to Rebut a Charge of Recent Fabrication

Looney argues that the trial court erroneously admitted hearsay that did not qualify as a prior consistent statement. We agree.

"Hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). A prior statement by a witness is not hearsay if it is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." ER 801(d)(1)(ii). This rule allows for rehabilitation of testimony impugned by a suggestion of recent fabrication. State v. Bargas, 52 Wn. App. 700, 702, 763 P.2d 470 (1988).

Claims of recent fabrication may be implicit. State v. Thomas, 150 Wn.2d 821, 866, 83 P.3d 970 (2004). But, "[c]ross[-]examination alone does not justify

---

[4] RP (July 26, 2016) at 162.
[5] RP (July 26, 2016) at 163.

3

admission of prior consistent statements; the questioning must raise an inference sufficient to allow counsel to argue the witness had a reason to fabricate [his or] her story later." Bargas, 52 Wn. App. at 702-03. The prior statement must have been made before the reason for fabrication. Bargas, 52 Wn. App. at 703. Admission of a prior statement under ER 801(d)(1)(ii) is within the trial court's discretion and will not be reversed absent a showing of manifest abuse of discretion. State v. Makela, 66 Wn. App. 164, 168, 831 P.2d 1109 (1992). An abuse of discretion exists when the exercise of discretion is manifestly unreasonable or based on untenable grounds or reasons. State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

Here, Looney elicited the information that Officer Lever had not mentioned making eye contact in his report. After confirming that Officer Lever had written the report the day of the incident, Looney asked, "[a]nd it's fair to say that your memory two months ago would have been fresher; correct?"[6] This brief cross-examination is insufficient to raise an inference of recent fabrication. Looney's follow-up question suggested inconsistency based on memory, rather than fabrication. "Cross-examination that merely attempts to point to inconsistencies in the witness's testimony does not raise an inference of recent fabrication." State v. McWilliams, 177 Wn. App. 139, 148, 311 P.3d 584 (2013). Looney's effort to highlight possible discrepancies in Officer Lever's recollection of the event did not raise an implicit claim of fabrication.

---

[6] RP (July 26, 2016) at 146.

Without an allegation of recent fabrication, Officer Lever's prior consistent statement was not properly admitted under ER 801(d)(1)(ii). We conclude that the trial court's admission of the evidence was an abuse of discretion.

### Harmless Error

The State claims that any error was harmless. A trial court's error in admitting the prior consistent statement does not necessitate reversal unless the defendant was prejudiced. State v. Gonzalez-Gonzalez, 193 Wn. App. 683, 689, 370 P.3d 989 (2016). An error is not prejudicial unless, "within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." State v. Cunningham, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980). Therefore, reversal is only required if there is a reasonable probability that proper exclusion of Officer Lever's statements to the defense investigator would have materially affected the outcome of the trial.

Here, Officer Lever's testimony as to whether he discussed the issue of eye contact with the defense investigator was equivocal. Officer Lever stated that he thought that he had told the investigator about the eye contact with Looney, but he could not clearly recall. The State did not return to this evidence in closing arguments despite arguing for its admission. If anything, Officer Lever's testimony augmented Looney's cross-examination questions about his recollection of the incident. Therefore, there is no reasonable probability that the outcome of Looney's trial would have been materially different had Officer Lever's statements to the defense investigator been properly excluded. We conclude that the trial court's error was harmless.

5

Affirmed.

WE CONCUR:

_____Trickey, ACJ_

_____Mann, J._

_____Spearman, J._